## JOSEPH KILE AND REESE B. THOMPSON *v.* SILAS TUBBS.

PRE-EMPTOR AND PRIOR POSSESSOR.—One who is in possession of public land, and has secured a right of pre-emption thereto under the laws of the United States, stands in such relation to the United States Government as entitles him to retain the possession as against a prior possessor who is as a mere trespasser.

APPEAL from the District Court, Fifth Judicial District, San Joaquin County.

Plaintiffs recovered judgment in the Court below, and defendant appealed.

The other facts not stated in the opinion of the Court will be found in 23 Cal. 442, in the opinion delivered by Mr. Justice Crocker.

*J. H. Budd*, for Appellant.

Defendant founded his defense not only on the defects of plaintiffs' title, but by showing a right of possession through the pre-emption laws of the United States.

Defendant was a qualified pre-emptor under the laws of the United States. He had complied with the pre-emption laws so far as in his power. He had a right, as a pre-emptor, to occupy unsurveyed land of the United States. (Laws of U. S., Vol. 12, 410, Vol. 10, 305, 309, 310, 576.) He had acquired rights under the pre-emption laws that the Courts

will regard and protect. (*McAfee* v. *Kein*, 7 Smede and Marshall, 780 ; *Little et al.* v. *The State of Arkansas*, 9 Howard, 333–5.) He had so connected himself with the title of the United States as to be able to attack a patent for the land from the State. (*Kile* v. *Tubbs*, 23 Cal. 442.)

Yet the Court, in effect, instructed the jury that this claim under the pre-emption laws was not available as a defense against a right acquired by prior possession.

*P. L. Edwards*, for Respondents.

By the Court, SAWYER, J.

This is an action to recover lands. Plaintiff relies for a recovery, firstly, upon a patent from the State issued under the Act providing for the sale of swamp lands ; secondly, upon prior possession.

The defendant claims that the lands are not swamp lands, and attacks the patent on the ground that it is void, as having been issued without authority. He claims to be lawfully in possession, claiming in good faith a right of pre-emption under the laws of the United States. There was conflicting evidence upon the question as to whether the lands are swamp lands within the meaning of the Act. Also testimony as to the possession of the respective parties, and testimony tending to show that defendant is a person authorized to acquire a pre-emption right, and that he had taken the proper steps to acquire it. It was held in this case when it was before the late Supreme Court, that a person who has secured a right of pre-emption stands in such a relation to the United States Government—the source of title—as entitles him to attack the patent collaterally, as being void for want of power to grant the land covered by it. (23 Cal. 441.) A similar ruling was made in *Terry* v. *Megerle*, 24 Cal. 609.

The instructions of the Court make no reference to the patent, but seem to have been addressed solely to the question of prior possession. The fourth instruction, given under

exception on the part of defendant, is as follows: "That if the jury believe from the evidence that the land claimed by the plaintiffs in controversy was in the possession of Stayton, through whom plaintiffs claim, prior to the possession of the defendant, it was sufficient for plaintiffs to maintain the action, unless that possession was abandoned; that the question of abandonment was one of intention, of which they were to judge exclusively; that in order to do so they must take into consideration all the facts and circumstances before them in evidence."

The instruction is erroneous, because it wholly ignores any rights that might have been acquired by the defendant under the pre-emption laws. There was testimony bearing upon the question, and this testimony is an element which should have been considered in the instruction.

For this error the judgment must be reversed and a new trial granted, and it is so ordered.